UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL E. HYLTON | ) |
|     Plaintiff, | ) CASE NO.: 1:18-cv-03415 |
| | ) |
| | ) JUDGE: |
| -v- | ) |
| | ) |
| RETRIEVAL-MASTERS CREDITORS | ) COMPLAINT |
| BUREAU, INC. | ) JURY DEMAND ENDORSED HEREON |
| | ) |
|     Defendant. | ) |

Plaintiff, Michael E. Hylton, for his complaint against Retrieval-Masters Creditors Bureau, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), stemming from Defendant's unlawful collection practices as described in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant transacts business within the Southern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff, Michael E. Hylton ("Mr. Hylton"), is a natural adult person residing in Williamsburg, Indiana, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA and IDCSA.

5. Defendant, Retrieval-Masters Creditors Bureau, Inc., is a New York corporation in the business of collecting consumer debts on behalf of others in the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6. Defendant does business as, *inter alia*, "American Medical Collection Agency" and "American Medical Retrieval Masters."

7. Neither Defendant nor its DBAs, as referenced above in paragraph 6, are registered with the Indiana Secretary of State.

8. Upon information and belief, Defendant's DBAs are not registered with any state, including New York.

9. In its communications to consumers, Defendant identifies itself as a "debt collector."

10. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

11. Defendant is a "supplier" as that term is defined by I.C. 24-5-0.5-2(a)(3) of the IDCSA.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

13. Due to his ongoing medical conditions, Mr. Hylton regularly seeks treatment from medical providers and has accumulated numerous debts, some of which remain outstanding.

14. Mr. Hylton owes one such medical debt to *Quest Diagnostics*, for services it rendered to him in or around May 2017 (the "Subject Debt").

15. After going unpaid for some time, the Subject Debt was ultimately sold, assigned and/or transferred to Defendant for collection.

16. On or around May 8, 2018, Mr. Hylton received a Phone Call from Defendant attempting to collect the Subject Debt (the "Phone Call").

17. During the Phone Call, Defendant's agent referred to Defendant as "American Medical Collection Agency" and/or "American Medical Retrieval Masters," ultimately confusing Mr. Hylton as to Defendant's status/connection to the Subject Debt.

18. After a reasonable time to conduct discovery, Mr. Hylton believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

19. Mr. Hylton was misled by the Phone Call.

20. Mr. Hylton justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful and deceptive means in attempting to collect the Subject Debt from him.

21. Mr. Hylton justifiably fears that, absent this Court's intervention, Defendant will cause unwarranted harm to his credit and ultimately cause him other unwarranted economic harm.

22. As a result of Defendant's conduct, Mr. Hylton was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

23. As a result of Defendant's conduct, Mr. Hylton is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices as described in this complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(10), e(14) and f*

24. All prior paragraphs are incorporated into this count by reference.

25. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer; and (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §§ 1692e, e(10) and e(14).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

26. Defendant violated 15 U.S.C. §§ 1692e, e(10), e(14) and f by using a name other than Defendant's registered name during the Phone Call. In doing so, Defendant used unfair, deceptive and misleading means in connection with its collection efforts of the Subject Debt.

27. As an experienced debt collector, Defendant knows that, in communicating with a consumer, it is required to be truthful, complete and accurate as to what it represents in such communications, as to avoid deceiving or misleading the consumer.

28. As set forth in paragraphs 19 through 23 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

### COUNT II
### VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
### *I.C. 24-5-0.5-3(a) and (b)(20)*

29. All prior paragraphs are incorporated into this count by reference.

30. Defendant's collection activity in connection with the Subject Debt constitutes a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

31. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

32. Defendant violated the IDCSA, namely I.C. 24-5-0.5-3(a) and (b)(20), by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*, using the name of "American Medical Collection Agency" and/or "American Medical Retrieval Masters" during the Phone Call despite such DBAs not being registered with any state authority, including Indiana.

33. Defendant intended that Plaintiff rely on its misrepresentations and/or deceptive means in order to procure immediate payment of the Subject Debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within I.C. 24-5-0.5-4(a)(1)(2).

34. As set forth in paragraphs 19 through 23 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices.

35. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

36. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the IDCSA in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael E. Hylton, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. 24-5-0.5-4(a); and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 5th day of November, 2018.         Respectfully Submitted,

                                                 */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                               */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA      )
                      ) ss
COUNTY OF WAYNE       )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Michael E. Hylton, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of November, 2018.



Signature